UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-14071-CR-GRAHAM/MCALILEY

UNITED STATES OF AMERICA,

    Plaintiff,

vs.

ROBERTO GUTIERREZ,

    Defendant.
_____/

**REPORT AND RECOMMENDTION**
**ON DEFENDANT'S EMERGENCY MOTION**

Defendant, Roberto Gutierrez, filed a Motion for an Emergency Injunction Ordering the Warden to Recalculate Good Conduct Time or, alternatively, to Modify His Sentence. (ECF No. 114). The Honorable Donald L. Graham referred the Motion to me, and the Motion is fully briefed. (ECF No. 116, 117, 118, 120). I have carefully reviewed this Motion, the record in this case and the applicable law, and I recommend that the Court deny Defendant's Motion.

Defendant pled guilty to conspiracy to possess with intent to distribute 50 grams or more of methamphetamines, in violation of Title 21, United States Code, Section 841 and 846 (ECF No. 54, 57), and on December 10, 2010, this Court sentenced Defendant to serve 121 months imprisonment, followed by five years of supervised release (ECF No. 76).

On December 21, 2018, the President signed the First Step Act of 2018. One of its provisions, Section 102(b)(1), amends Title 18 U.S.C. section 3624 (b), to allow the Bureau

1

of Prisons (BOP) to make a more generous calculation of time off of a sentence of incarceration for a prisoner's good behavior. Defendant invokes Section 102 in his Motion, and asks the Court to recalculate his sentence to account for more time off for his good behavior while in custody, and to order that he have an earlier release date from custody.

The Court is without authority to grant this relief for at least two reasons. First, the statute has not yet become effective. This will happen once the Attorney General develops the risk and needs assessment system mandated by the Act – that BOP will use to determine how it will award good time credits – which the Act mandates shall occur by July 19, 2019. *See* First Step Act of 2018, §§ 101(a), 102(b)(2). The BOP does not yet have authority to recalculate Defendant's good-time credits according to the First Step Act, and thus Defendant's Motion under the Act is premature.

Second, once the Bureau of Prisons implements the risk and needs assessment system, then Defendant must exhaust his administrative remedies and allow the BOP the opportunity to apply the First Step Act and determine whether his sentence should be adjusted, before he is eligible for judicial relief. *Gonzalez v. United States*, 959 F.2d 211, 212 (11th Cir. 1992) ("Courts have original jurisdiction over imposition of a sentence. The Bureau of Prisons is however responsible for computing that sentence and applying appropriate good time credit."); *See also Chapman v. United States*, No. 2:19-CV-00036, 2019 WL 2030550 at *2 (E.D. Ark. April 19, 2019) ("If a prisoner believes that the BOP erred in computing his sentence, his initial remedy is to pursue administrative review of the BOP's computation.") (citing *United States v. Wilson*, 503 U.S. 329, 331-35 (1992)).

In his Reply memorandum, Defendant asks for the alternative relief that the Court modify his sentence under 18 U.S.C. section 3582, applying Amendment 782 of the Federal Sentencing Guidelines, and resentence Defendant. (ECF No. 117). In making this request, Defendant asks the Court to reduce his sentence by one month, from 121 months to 120 months (the mandatory minimum sentence for his offense). (*Id.* at 2). Defendant already requested this relief from the Court in 2015 (ECF No. 86) which this Court denied (ECF No. 95). Defendant has not justified this Court revisiting a decision it has already made.

For these reasons, I RESPECTFULLY RECOMMEND that the Court **DENY** Defendant's Motion for an Emergency Injunction Ordering the Warden to Recalculate Good Conduct Time or, alternatively, to Modify His Sentence. (ECF No. 114).

**No later than fourteen days from the date of this Report and Recommendation** the parties may file any written objections to this Report and Recommendation with the Honorable Donald L. Graham, who is obligated to make a *de novo* review of only those factual findings and legal conclusions that are the subject of objections. Only those objected-to factual findings and legal conclusions may be reviewed on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985), 28 U.S.C. § 636(b)(1); Fed.R.Crim.P. 59(b), 11th Cir. R. 3-1 (2016).

RECOMMENDED in chambers at Miami, Florida this 14th day of June, 2019.

_____
CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE

cc: Honorable Donald L. Graham
    Counsel of Record